UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tracy D. Halsell

        Plaintiff,                                                      Case No. 1:21-cv-763

        v.                                                                    Judge Michael R. Barrett

People Ready, *et al.*,

        Defendants.

**ORDER**

This matter is before the Court on the Magistrate Judge's January 20, 2022 Report and Recommendations ("R&R") recommending that this action be dismissed with prejudice for failure to state a claim for relief; and recommending that pursuant to 28 U.S.C. § 1915(a) that an appeal of any order adopting the R&R would not be taken in good faith and therefore Plaintiff should be denied leave to appeal *in forma pauperis*. (Doc. 5).  Plaintiff has filed Objections to the R&R.  (Docs. 6, 7).

Also before the Court is Plaintiff's Motion to Increase Lawsuit Amount (Doc. 8); Motion to Strike and Motion to Compel (Doc. 9); and Motion for Recusal (Doc. 10) which were filed after the entry of the Magistrate Judge's January 20, 2022 R&R.

    I.      **BACKGROUND**

Plaintiff filed a *pro se* complaint against Defendants People Ready, Beyoncé Carter and Shawn Carter.  At the heart of Plaintiff's Complaint is the sexual harassment he has experienced at each of his job assignments from People Ready.  Plaintiff asserts that this sexual harassment stems from Beyoncé Carter referencing his nickname,

"Pooh," at the 2016 Superbowl halftime show and saying, "you just might be a black Bill Gates in the making." (Doc. 4, PAGEID 13).

On December 9, 2021, the EEOC dismissed Plaintiff's charge of discrimination and issued a notice of right to sue under Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act. (Doc. 4-1).

Plaintiff filed his Complaint in this Court on December 9, 2021, along with a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 1). On January 20, 2022, the Magistrate Judge granted Plaintiff's motion. (Doc. 3).

The Magistrate Judge conducted a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In her January 20, 2022 R&R, the Magistrate Judge concluded that Plaintiff's factual allegations are insufficient to state a claim for relief. (Doc. 5, PAGEID 19). The Magistrate Judge explained that Plaintiff's Complaint provides no factual content or context from which the Court may reasonably infer that Defendants sexually harassed him. (Id.) The Magistrate Judge noted that the Complaint did not include the dates of the alleged harassment or whether Plaintiff was an employee of any of the Defendants. (Id.) Therefore, the Magistrate Judge recommended that Plaintiff's complaint be dismissed with prejudice. (Id., PAGEID 19-20).

## II.     ANALYSIS

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

A plaintiff proceeding *in forma pauperis* does not have to incur any filing fees or court costs, leading to the lack of an economic incentive to not file any frivolous, malicious, or repetitive lawsuits. *Denton v. Hernandez*, 504 U.S. 25,31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). This Court can dismiss the *in forma pauperis* complaint if it is found that the action is frivolous or malicious. 28 U.S.C. §§1915(e)(2)(B)(i). A complaint may be frivolous if there is not a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328-29. Although detailed factual allegations are not required, there needs to be enough factual content, accepted as true, to "state a

3

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept allegations of facts as true except conclusory statements or mere threadbare recitations of the elements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, *pro se* plaintiffs are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)).

Plaintiff does not raise specific objections to the Magistrate Judge's January 20, 2022 R&R, but rather submits additional allegations, presumably in order to support his Complaint. (Docs. 6, 7). Plaintiff explains that beyond the sexual harassment he experienced, he was also discriminated against on the basis of his medical condition when he was working at an unspecified job. (Doc. 6, PAGEID 23). Plaintiff claims that he was not called back to work there after he took off his mask while at work. (Id.) Plaintiff also lists the various job sites where the alleged sexual harassment took place: Macy's, National Rent-A-Fence, Rush, Dollar General and an unidentified residence. (Doc. 7, PAGEID 25-27, 28). Plaintiff repeats that this sexual harassment stems from Beyoncé's 2016 Superbowl halftime show. (Id., PAGEID 28). In addition, Plaintiff claims that he was asked to not come back to work at National Rent-A-Fence after he revealed that he has lupus. (Id., PAGEID 26).

Even if the Court were to construe Plaintiff's objections to the Magistrate Judge's R&R as a motion to amend his complaint, and then considered the additional facts he now alleges, Plaintiff still has failed to include enough factual content to state a claim to relief which is plausible on its face. Plaintiff does not allege whether he was an employee

4

of People Ready, or the dates he was employed. Plaintiff does not provide a logical connection between the Superbowl halftime show and the sexual harassment he allegedly suffered. Plaintiff does not identify the laws which he claims Defendants have violated. While a *pro se* litigant's pleadings must be liberally construed, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Therefore, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's complaint should be dismissed with prejudice, and that he should be denied leave to appeal *in forma pauperis*.

In his Motion to Increase Lawsuit Amount (Doc. 8), Plaintiff seeks to increase the amount requested from Beyoncé Carter to $400,000,000.00; and the amount requested from Shawn Carter to $200,000,000.00. In his Motion to Strike and Motion to Compel (Doc. 9) Plaintiff submits his EEOC Notice of Right to Sue (Doc. 9, PAGEID 34) and a communication from former President Barack Obama in support of his claims (Doc. 9, PAGEID 36). Plaintiff also seeks to compel entry of judgment in his case. In his Motion for Recusal (Doc. 10), Plaintiff explains that the judge assigned to this case should be changed because he has evidence to support his claims. This evidence includes a letter from former President Barack Obama, the EEOC Notice of Right to Sue and a YouTube video showing the 2016 Superbowl halftime show. However, in light of the disposition of the claims in this matter, Plaintiff's Motion to Increase Lawsuit Amount; Motion to Strike and Motion to Compel; and Motion for Recusal are DENIED as MOOT.

5

### III. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's January 20, 2022 R&R (Doc. 5) is **ADOPTED** in its entirety, and Plaintiff's Objections are **OVERRULED**. It is hereby **ORDERED** that:

1. Plaintiff's Motion to Increase Lawsuit Amount (Doc. 8) is **DENIED as MOOT**;

2. Plaintiff's Motion to Strike and Motion to Compel (Doc. 9) is **DENIED as MOOT**;

3. Plaintiff's Motion for Recusal (Doc. 10) is **DENIED as MOOT**;

4. Plaintiff's Complaint (Doc. 4) is **DISMISSED** with prejudice;

5. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting this Report and Recommendation would not be taken in good faith, and therefore Plaintiff is **DENIED** leave to appeal i*n forma pauperis*. Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv*., 105 F.3d 274, 277 (6th Cir. 1977); and

6. This matter is **CLOSED** and **TERMINATED** from the active docket of the Court.

   **IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                                JUDGE MICHAEL R. BARRETT